IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODRICK D. CHESTER, § | | |
| TDCJ #563764, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-1287 | |
| § | | |
| DOUG DRETKE, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER ON DISMISSAL

Rodrick D. Chester is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Chester has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. Chester has also filed a memorandum in support of his claims. He proceeds *pro se* and he has filed a motion for leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

I.   BACKGROUND

Chester is presently incarcerated at the Ellis Unit in Huntsville, Texas. He sues TDCJ Director Doug Dretke and several TDCJ employees assigned to the Stevenson Unit, including Warden B. Casal, Lieutenant Hale, and Officer Jimmy Reiley. Chester also sues another inmate named Rontkeller Allison.

Chester alleges that he was working on a "hoe squad" at the Stevenson Unit in January of 2005, when he was involved in an "altercation" with Allison. According to Chester, Allison was misbehaving by "trying to start an argument" with the other workers. Officer Reiley was supervising the hoe squad on this day. Because Allison was "talking instead of working," Officer Reiley moved Allison to a place on the hoe squad near Chester. Chester reports that Allison then became argumentative towards him. After Chester told Allison that he did not want to talk to him, Allison struck Chester from behind with a type of hoe traditionally referred to in prison parlance as an "aggie." As a result of this assault by Allison, Chester required seventeen stitches on the bridge of his nose.

Chester accuses Allison of assault. Chester complains that Officer Reiley failed to prevent the assault. Chester faults Dretke, Warden Casal, and Lieutenant Hale for their failure to adequately supervise or train officers for whom they are responsible. Chester seeks compensatory, punitive, and nominal damages in the amount of $200,000.00 or more. The Court concludes, however, that Chester's complaint must be dismissed for reasons discussed below.

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or

malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint "may be dismissed as frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

### III.     DISCUSSION

#### A.     Claims Against Allison

Chester complains that Allison violated his civil rights by assaulting him with a weapon and causing serious bodily injury. Chester's civil rights complaint is governed by 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120, 112 S. Ct. 1061, 117 L. Ed.2d 261 (1992); *Baker v. McCollan*, 443 U.S. 137, 142, 99 S. Ct. 2689, 61 L. Ed.2d 433 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)).

Section 1983 affords a remedy against state actors only. In other words, "the deprivation must be caused by the exercise of some right or privilege created by the State or

by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936, 102 S. Ct. 2744, 73 L. Ed.2d 482 (1982). This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." *Id.*, 457 U.S. at 937.

As Chester concedes, Allison is a fellow inmate. Private entities are not state actors for purposes of liability under 42 U.S.C. § 1983. *See Biliski v. Harborth,* 55 F.3d 160, 162 (5th Cir. 1995); *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). Absent an allegation that Chester was harmed as the result of state action, the complaint against Allison fails to state a claim under 42 U.S.C. § 1983 as a matter of law. *See Biliski*, 55 F.3d at 162. Accordingly, Chester's complaint against Allison is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Claims Against Officer Reiley**

Chester accuses Officer Reiley of acting with deliberate indifference in violation of the Eighth Amendment for failing to prevent Chester's injuries or to otherwise protect Chester from the assault by Allison. To establish a failure-to-protect claim under 42 U.S.C. § 1983, a prisoner must show that he has been incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L.

Ed.2d 811 (1994); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). To act with deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Only deliberate indifference will suffice to state a failure-to-protect claim; mere negligence is not sufficient. *See id.*

Chester does not allege that he complained about Allison to Officer Reiley or to any other defendant in this suit before the assault occurred; nor does he claim that Officer Reiley actually knew that Allison posed a violent threat to Chester or any other worker on the hoe squad. Chester contends only that Officer Reiley should have known that Allison was a threat because he observed Chester "move to different positions of the hoe squad in an attempt to stay away" from Allison on the day the assault occurred. As clarified in Step 1 Grievance form filed by Chester after the assault, Chester accuses Officer Reiley of "gross negligence . . . for failing to notice that Inmate Allison [had] raised his tool to strike and do bodily harm." Chester explains that, "had [Officer Reiley] been watching his squad this accident could have been prevented."

Chester does not allege or show that Officer Reiley or any of the prison officials named as defendants in this case were made aware of specific facts prior to the assault that Allison posed a serious risk of harm to Chester, but that they deliberately disregarded that risk. Chester's allegations assert that Officer Reiley was negligent, if anything, on the day the assault occurred by not "watching his squad" with greater care. Allegations of this sort,

6

which rise only to the level of mere negligence, are not sufficient to state a failure-to-protect claim. *See Farmer*, 511 U.S. at 837; *see also Neals*, 59 F.3d at 533 (concluding that allegations amounting to a claim of negligence in the failure-to-protect context did not raise a non-frivolous constitutional claim); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not make a claim under 42 U.S.C. § 1983). Accordingly, the Court concludes that Chester fails to state a failure-to-protect claim under the Eighth Amendment.

### C.     Claims Against Supervisory Officials

Chester complains that Dretke, Warden Casal, and Lieutenant Hale are liable for failing to adequately supervise or train officers for whom they are responsible. The Step 1 Grievance form submitted by Chester makes no reference to Dretke or Warden Casal. Although the form briefly references Lieutenant Hale, Chester fails to include any facts in support of a complaint against these individuals for failure to supervise or train. Instead, Chester blames only Officer Reiley for his inattentive supervision on the day of the assault and the unit classification department for assigning Allison to the hoe squad in the first place. Because Chester did not include his claims against Dretke, Warden Casal, or Lieutenant Hale in the Step 1 grievance that he filed after the assault occurred, Chester has failed to exhaust his administrative remedies with respect to these allegations as required under 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed.2d 958 (2001) (holding that § 1997e(a) mandates exhaustion of *all* administrative procedures before an

inmate can file suit in federal court). For this reason, the complaint against these supervisory officials is subject to dismissal for failure to exhaust.

Chester's claims against Dretke, Warden Casal, and Lieutenant Hale fail for an alternative reason. The pleadings reflect that these defendants had no personal involvement in the altercation that forms the basis of this dispute. Personal involvement is an essential element of a civil rights cause of action, meaning that there must be an affirmative link between the injury and the defendant's conduct. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72, 98 S. Ct. 598, 46 L. Ed.2d 561 (1976)). It is plain that the plaintiff names these defendants in their capacity as supervisory officials. However, a supervisor may not be held liable for a civil rights violation under a theory of *respondeat superior* or vicarious liability. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978); *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003). Supervisory officials can only be held liable if the plaintiff demonstrates that either one of the following: (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the deprivation. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor.").

Conclusory allegations or generalized assertions are not sufficient to state a claim; particular facts are required to specify the personal involvement of each defendant. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Fee v. Herndon*, 900 F.2d 804 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990). In this instance, Chester fails to allege any facts showing that Dretke, Warden Casal, or Lieutenant Hale had personal involvement with his claim, or that there was any causal connection between a policy adopted by these defendants and the alleged wrongful conduct. Likewise, Chester fails to point with any particularity to a deficient training procedure or to otherwise show that his constitutional rights were violated as a result of an inadequate training regimen.[1] Therefore, the Court concludes that his complaint against these defendants lacks an arguable basis in law and that it is subject to dismissal for this reason.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's request for leave to proceed *in forma pauperis* (Docket Entry No. 3) is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Rodrick D. Chester (TDCJ #1041746) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($250.00) has been paid.

---

[1] To state a failure-to-train claim, the plaintiff must allege the following: (1) the existence of inadequate training procedures; (2) that this inadequate training directly caused a violation of the plaintiff's constitutional rights; and (3) deliberate indifference on behalf of the policymakers in adopting the training or supervision policy. *Pineda v. City of Houston*, 291 F.3d 325, 331-32 (5th Cir. 2002) (citing *Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir. 2000)), *cert. denied*, 537 U.S. 1110 (2003).

3.   The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

SIGNED at Houston, Texas, on <u>April 27, 2005</u>.

_____
Nancy F. Atlas
United States District Judge